1  BRIAN CONWAY
2  27662 Aliso Creek Rd #10111
3  Aliso Viejo, CA 92656
4  Phone: (949) 828-7995
5  Email: beiwulf@yahoo.com
6  Defendant In Pro Per
7
8      UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA
10     SOUTHERN DIVISION – SANTA ANA
11
12 BRIAN CONWAY                          ) Case No.: 8:25-cv-02049-HDV-MAR
13                                       )
14     *Plaintiff,*                      ) COMPLAINT FOR VIOLATIONS OF FEDERAL
15                                       ) CIVIL RIGHTS, FAIR HOUSING ACT, AND
16 v.                                    ) AMERICAN WITH DISABILITIES ACT
17                                       )
18 **SEQUOIA EQUITIES**, INC.            )
19 ALICANTE APARTEMENTS a                )
20 Partnership; KIMBALL, TIREY &         )
21 ST.JOHN LLP, MADDY ZACKS,             )
22 ASHLEY POURAT, TALIA CORTESE          )
23 TYLER GREER, SHELLEY CRAWFORD         )
24 SCOTT ANDREWS, MONICA                 )
25 RODRIGUEZ, YASMIN MEERTINS,           )
26 ASHLEY MANLEY, MARK HERNANDEZ)
27 MISSION VIEJO ANIMAL SERVICES;        )
28 SGT. J.R. STEWART, LT. W. HELTON,     )

1

| | | |
|---|---|---|
| 1 | **OFFICER ROSS, ORANGE COUNTY** | ) |
| 2 | **SUPERIOR COURT;** | ) |
| 3 | **JUDGE JASON BAEZ,** | ) |
| 4 | **ORANGE COUNTY CLERK OF COURT,** | ) |
| 5 | **CALIFORNIA CIVIL RIGHTS DEPT;** | ) |
| 6 | **MEL (NGA) DUONG,** | ) |
| 7 | **SUSAN DAVENPORT,** | ) |
| 8 | **LISA MADRIGEL, MARY COLE,** | ) |
| 9 | **KEVIN KISH, DEPARTMENT OF** | ) |
| 10 | **HOUSING AND URBAN** | ) |
| 11 | **DEVELOPMENT, ORANGE COUNTY** | ) |
| 12 | **SHERIFF'S DEPARTMENT;** | ) |
| 13 | **AND DOES 1-100** | ) |
| 14 | | ) |
| 15 | *Defendants,* | ) |
| 16 | | ) |
| 17 | | ) |
| 18 | | ) |
| 19 | | ) |
| 20 | | ) |
| 21 | | ) |
| 22 | | ) |
| 23 | | ) |
| 24 | | ) |
| 25 | | ) |
| 26 | | ) |
| 27 | | ) |
| 28 | | ) |

## I. PRELIMINARY STATEMENT

1. **EMERGENCY**: Plaintiff Brian Conway, a 100% disabled Navy veteran, has been homeless with his 14-month-old daughter for 20 days due to Defendants' coordinated scheme to punish him for asserting his right to keep a medically-necessary service animal.

2. **THE VIOLATION**: On August 21, 2025, Defendants executed an illegal eviction while Plaintiff's bankruptcy § 502 objection was pending, violating the automatic stay and creating a fait accompli before judicial review.

3. **ONGOING HARM**: As of this filing, Defendants continue their violations by forcing Plaintiff into duplicative proceedings with impossible deadlines designed to exploit his service-connected disabilities.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

5. This Court has exclusive jurisdiction under:
    a) 42 U.S.C. § 3613(a) (Fair Housing Act)
    b) 42 U.S.C. § 12133 (ADA enforcement)
    c) 28 U.S.C. § 157 (bankruptcy violations)

6. Venue is proper under 28 U.S.C. § 1391(b) as all acts occurred in Orange County, California.

## III. PARTIES

### A. Plaintiff

7. **BRIAN CONWAY** is a 100% service-connected disabled United States Navy veteran with PTSD, anxiety, depression, and cognitive disabilities resulting from military service. He is the father of a 14-month-old daughter and handler of service animal Kojin.

### B. Housing Defendants

8. **SEQUOIA EQUITIES** is a California Limited Partnership operating over 14,000 rental units with a pattern of discriminating against disabled tenants.

9. **ALICANTE APARTMENTS** is the property where the discrimination occurred, located at 23742 Rockfield Blvd., Lake Forest, CA 92630.

10. **KIMBALL, TIREY & ST. JOHN LLP (KTS)** is a 300+ attorney law firm specializing in evictions that orchestrated the procedural manipulation.

11. **MADDY ZACKS, ESQ.**, **TALIA CORTESE, ESQ.**, and **SCOTT ANDREWS, ESQ.** are KTS attorneys who executed the scheme.

12. **MARK HERNANDEZ** is the Regional Property Manager who stated eviction would stop if Plaintiff "got rid of" his service animal.

13. **ASHLEY MANLEY** is the Assistant Property Manager who admitted the unlawful detainer was about the service animal.

**C. Tenant Defendant**

14. **ANNA HUFFORD** coordinated with management to manufacture incidents against Plaintiff's service animal.

**D. Government Defendants**

15. **CITY OF MISSION VIEJO** and **MISSION VIEJO ANIMAL SERVICES**, through **SGT. J.R. STEWART** and **LT. W. HELTON**, issued fraudulent determinations without due process.

16. **ORANGE COUNTY SUPERIOR COURT** and **JUDGE JASON BAEZ** denied ADA accommodations and proceeded without jurisdiction.

17. **ORANGE COUNTY SHERIFF'S DEPARTMENT** executed illegal eviction despite bankruptcy stay.

18. **CALIFORNIA CIVIL RIGHTS DEPARTMENT** and **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** failed to protect Plaintiff's rights despite clear evidence.

**IV. STATEMENT OF FACTS**

**A. The Service Animal and Accommodation**

19. Plaintiff requires service animal Kojin, a trained Akita, who performs specific tasks including:
    a) Alerting to anxiety attacks before onset
    b) Providing deep pressure therapy during PTSD episodes

      c) Creating safe space in crowds to prevent hypervigilance

      d) Guiding Plaintiff out of dissociative episodes

20. In July 2022, Sequoia Equities accepted Plaintiff's lease modification allowing Kojin to be "under control" rather than "on leash" as required by ADA.

**B. The Harassment Campaign**

21. In March 2023, attorney Maddy Zacks (KTS) sent threatening letter demanding Kojin's removal, beginning systematic harassment.

22. Throughout 2023-2024:

      a) Tenant Anna Hufford coordinated with management to create incidents

      b) Animal Services included judicially-dismissed incidents in records

      c) Property Manager Hernandez explicitly conditioned eviction on removing Kojin

**C. The Manufactured Debt**

23. Beginning September 2024, Defendants:

      a) Blocked online rent portal

      b) Refused cashier's checks in person

      c) Created $44,000 in "unpaid rent" they wouldn't accept

      d) Filed eviction based on this manufactured debt

**D. The Procedural Manipulation**

24. **Critical Timeline**:

      a) July 17, 2025: Plaintiff files bankruptcy (automatic stay begins)

      b) August 4, 2025: Plaintiff files § 502 objection to claim

      c) August 21, 2025: Defendants execute eviction DURING PENDENCY

      d) September 3, 2025: Court refuses to rule on § 502 objection

      e) September 10, 2025: Court orders new hearing with 24-hour deadlines

25. This precise timing reveals sophisticated manipulation: executing eviction after objection filed but before court ruling, creating irreversible harm.

**E. The Continuing Violations**

26. Even as this complaint is filed:

a) Bankruptcy court refuses to rule on pending objections
b) Forces duplicative hearings with impossible deadlines
c) Applies different standards to Plaintiff than to represented parties
d) No ADA coordinator for over 100 days

## V. LEGAL FRAMEWORK

27. Defendants' conduct violates clearly established federal law protecting disabled veterans' housing rights and access to courts.

28. The § 502/§ 362(b)(22) manipulation has been specifically condemned. See In re Mullings, 2022 WL 2442516 ($15,000 sanctions); In re Daniels, 516 B.R. 720 (contempt findings).

## VI. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Violation of Fair Housing Act - Discrimination**
**(42 U.S.C. § 3604(f))**
**(Against Housing Defendants)**

29. Plaintiff incorporates paragraphs 1-28.
30. Defendants discriminated based on disability by:
    a) Refusing reasonable accommodation for service animal
    b) Creating hostile environment
    c) Manufacturing eviction to remove disabled tenant
31. Plaintiff suffered damages exceeding $1,000,000.

**SECOND CAUSE OF ACTION**
**Violation of Fair Housing Act - Retaliation**
**(42 U.S.C. § 3617)**
**(Against Housing Defendants)**

32. Plaintiff incorporates paragraphs 1-31.
33. After Plaintiff asserted fair housing rights, Defendants:
    a) Immediately served 3-day notice
    b) Refused all rent payments

      c) Filed fraudulent eviction action

34. This retaliation was willful and malicious.

**THIRD CAUSE OF ACTION**

**Violation of Americans with Disabilities Act - Title II**

**(42 U.S.C. § 12132)**

**(Against Government Defendants)**

35. Plaintiff incorporates paragraphs 1-34.

36. Government entities denied meaningful access by:

      a) Refusing ADA accommodations

      b) Imposing impossible deadlines on disabled litigant

      c) Creating duplicative proceedings

37. These violations showed deliberate indifference.

**FOURTH CAUSE OF ACTION**

**Violation of Americans with Disabilities Act - Title III**

**(42 U.S.C. § 12182)**

**(Against Housing Defendants)**

38. Plaintiff incorporates paragraphs 1-37.

39. Alicante Apartments denied full enjoyment based on service animal.

**FIFTH CAUSE OF ACTION**

**Constitutional Violations Under 42 U.S.C. § 1983**

**(Against Individual Government Defendants)**

40. Plaintiff incorporates paragraphs 1-39.

41. Under color of state law, Defendants violated:

      a) Due Process (void proceedings)

      b) Equal Protection (disparate treatment)

      c) Access to Courts (denied accommodations)

**SIXTH CAUSE OF ACTION**

**Conspiracy to Interfere with Civil Rights**

**(42 U.S.C. § 1985)**

**(Against All Defendants)**

42. Plaintiff incorporates paragraphs 1-41.

43. Defendants conspired to deprive equal protection based on disability through coordinated actions.

**SEVENTH CAUSE OF ACTION**

**Neglect to Prevent**

**(42 U.S.C. § 1986)**

**(Against Supervisory Defendants)**

44. Plaintiff incorporates paragraphs 1-43.

45. Supervisory Defendants knew but failed to prevent violations.

**EIGHTH CAUSE OF ACTION**

**Violation of Rehabilitation Act**

**(29 U.S.C. § 794)**

**(Against Federal Fund Recipients)**

46. Plaintiff incorporates paragraphs 1-45.

47. Defendants receive federal funds but discriminated based on disability.

**NINTH CAUSE OF ACTION**

**Willful Violation of Automatic Stay**

**(11 U.S.C. § 362(k))**

**(Against Housing Defendants and Sheriff)**

48. Plaintiff incorporates paragraphs 1-47.

49. Despite bankruptcy notice:
   a) Evicted Plaintiff August 21, 2025
   b) Continued collection efforts
   c) Violated stay repeatedly

50. Plaintiff entitled to actual damages, attorney fees, and punitive damages.

**TENTH CAUSE OF ACTION**

**Willful Stay Violation During § 502 Pendency**

**(11 U.S.C. § 362(k) and § 105(a))**

**(Against KTS and Housing Defendants)**

51. Plaintiff incorporates paragraphs 1-50.

52. Defendants executed eviction while § 502 objection pending, violating established precedent.

53. This sophisticated manipulation warrants enhanced punitive damages.

**ELEVENTH CAUSE OF ACTION**

**Abuse of Process**

**(Against Housing Defendants and KTS)**

54. Plaintiff incorporates paragraphs 1-53.

55. Defendants used legal process to force service animal removal, not collect legitimate debt.

**TWELFTH CAUSE OF ACTION**

**Malicious Prosecution**

**(Against Housing Defendants and KTS)**

56. Plaintiff incorporates paragraphs 1-55.

57. Unlawful detainer lacked probable cause (manufactured debt) and was brought with malice.

**THIRTEENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

58. Plaintiff incorporates paragraphs 1-57.

59. Making infant homeless to punish disabled father is extreme and outrageous.

60. Defendants targeted known PTSD and anxiety to maximize harm.

**FOURTEENTH CAUSE OF ACTION**

**Fraud**

**(Against Housing Defendants and KTS)**

61. Plaintiff incorporates paragraphs 1-60.

62. False representations include perjured service and manufactured lease violations.

**FIFTEENTH CAUSE OF ACTION**

**Defamation**

**(Against Housing and Government Defendants)**

63. Plaintiff incorporates paragraphs 1-62.

64. Published false statements about "dangerous dog" and lease violations.

**SIXTEENTH CAUSE OF ACTION**

**Violation of Unruh Act**

**(Cal. Civ. Code § 51 et seq.)**

**(Against Business Defendants)**

65. Plaintiff incorporates paragraphs 1-64.

66. Denied equal accommodations based on disability.

**SEVENTEENTH CAUSE OF ACTION**

**Violation of Bane Act**

**(Cal. Civ. Code § 52.1)**

**(Against All Defendants)**

67. Plaintiff incorporates paragraphs 1-66.

68. Interfered with constitutional rights by threats and coercion.

**EIGHTEENTH CAUSE OF ACTION**

**False Imprisonment**

**(Against Court Defendants)**

69. Plaintiff incorporates paragraphs 1-68.

70. Void proceedings constituted unlawful restraint.

**NINETEENTH CAUSE OF ACTION**

**Negligence**

**(Against Housing Defendants)**

71. Plaintiff incorporates paragraphs 1-70.

72. Breached duties to provide habitable premises and accommodate disabilities.

# VII. DAMAGES

73. As direct result of Defendants' actions:

**Economic Damages**:
- Housing loss: $3,500/month (ongoing)
- Storage/moving: $25,000
- Temporary shelter: $4,000 (20 days homeless)
- Lost education: $150,000
- Lost earnings: $75,000
- Medical costs: $10,000

**Non-Economic Damages**:
- Severe emotional distress from targeting PTSD
- Exacerbation of service-connected disabilities
- Family separation and trauma
- Loss of faith in systems meant to protect veterans

**Punitive Damages**: Warranted for willful violations by sophisticated actors

**Total Damages Exceed**: $5,000,000

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

**A. IMMEDIATE RELIEF**:
1. TRO preventing further adverse actions
2. Order declaring eviction void
3. Restoration of possession or comparable housing
4. Return of all property
5. Expungement of eviction records

**B. PERMANENT RELIEF**: 6. Compensatory damages per proof at trial 7. Punitive damages to deter discrimination 8. Injunction against future violations 9. Declaratory judgment of rights violated 10. Attorney fees under 42 U.S.C. § 1988 11. Pre- and post-judgment interest 12. Such other relief as justice requires

## IX. JURY DEMAND

Plaintiff demands jury trial on all triable claims.

DATED: September 10, 2025

*[signature]*

BRIAN CONWAY

Plaintiff Pro Se

100% Service-Connected Disabled Veteran

27662 Aliso Creek Rd #10111

Aliso Viejo, CA 92656

beiwulf@yahoo.com

949.828.7995

## VERIFICATION

I, Brian Conway, declare under penalty of perjury:

I am the Plaintiff in this action. The facts stated are true of my own knowledge, except those on information and belief, which I believe to be true.

I served my country with honor and returned with invisible wounds requiring a service animal.

Instead of support, I found ever system weaponized against me. My daughter should not be homeless because her father is disabled.

This is not just my fight—it's for every disabled veteran facing discrimination.

Executed on September 10, 2025, at Orange County, California.

*[signature]*

BRIAN CONWAY

Disabled Veteran / Pro Se

Service Animal : Kojin